## FOHL v STEINBACH et

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 23, 1932

Clayton Hoffman, Canton, for plaintiffs.
Amerman & Mills, Canton, for defendants.

SHERICK, PJ.

The plaintiffs contend for the rule that a prescriptive easement gives its possessor simply what he has taken and no more, and that the defendants, therefore, have no right to place an additional burden on the lands of the servient tenant. We have no hesitation in recognizing this to be the law, but we also appreciate that where one has taken and used land for roadway purposes for a long period of time, and the use is permitted with knowledge of the fact that vehicular traffic thereon is constantly changing due to man's desire and inventive ingenuity, that there should be some qualification of the rule. Automobiles and trucks have in a large way supplanted horse drawn vehicles, which cannot be operated on roads that horses might travel.

We therefore, hold the rule contended for to be qualified in that where one knowingly permits his land to be acquired by another by prescriptive use for a particular purpose, such as a roadway, that he countenances its use for the purpose for which it was taken and intended. He must be held to consent that it may be kept fit for the prescriptive use to which it was put, or might be put by reason of the changing mode of vehicular travel. And we are unable to see any additional burden cast upon the plaintiffs' land by the road's improvement to make it fit for present use.

There is a second reason why the plaintiffs are not entitled to the relief asked. The evidence in this case does not show a clear right in the plaintiffs to the relief sought. The burden of so showing rests upon the plaintiffs. Now it is not shown that the road's drainage system as constructed by the defendants will work an irreparable injury to plaintiff's land, nor is it shown that any injury has already been done it. Heavy rains have fallen since the roads repair and this trial, and no damage has been done. It is not contended or proved that the cobble stone break has not been or will not be effective. The assumption must be that it is effective. The whole claim seems to be based upon the view that damages will inevitably follow on this flat por-

tion of the terrain when the land is plowed. If it should be properly plowed we cannot assume that erosion must of necessity follow. The topography of the land does not so indicate.

It is the judgment of this court that injunctive relief be and the same is denied, and the same order is made in this court as was entered in the court below.

LEMERT and MONTGOMERY, JJ, concur.